NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH M. LAPOSTA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-CV-5827 (DMC) |
| BOROUGH OF ROSELAND and RICHARD MCDONOUGH, |  |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Borough of Roseland ("Roseland") and Richard McDonough ("Defendants") to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Oral argument was heard in this matter on August 6, 2009. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **denied**.

## I. BACKGROUND

This matter arises out of a claim by police officer Joseph LaPosta ("Plaintiff") that the Borough of Roseland and the Police Chief Richard McDonough retaliated against him for attempting to join the Policeman's Benevolent Association union (the "PBA") instead of the "preferred" Fraternal Order of Police Union (the "FOP"). Plaintiff alleges that, in retaliation for attempting to join the PBA, he was: refused compensation for work assignments; denied the

opportunity to attend training sessions that would have advanced his career; singled out for disciplinary action to which other officers (who were affiliated with the "correct" union) were not subjected; and subjected to a hostile work environment that prevented him from performing basic work functions and advancing in rank. Plaintiff's initial Complaint set forth a federal claim for retaliation under Section 1983, as well as state law claims of intentional infliction of emotional distress, hostile work environment, negligence, intentional interference with prospective economic advantage, and conspiracy.

In an Opinion dated October 23, 2007, the Court dismissed Plaintiff's Complaint in its entirety. The Court analyzed the Section 1983 retaliation claim solely with respect to a violation of Plaintiff's First Amendment speech rights, and did not consider whether the alleged retaliation also violated Plaintiff's right to freedom of association. In any event, the Court dismissed the Section 1983 claim on three grounds: (1) that any conduct occurring prior to December 6, 2004 was time-barred under New Jersey's two-year statute of limitations for personal injury claims; (2) that Plaintiff had failed to plead that he had exhausted the grievance procedures in the applicable labor contract; and (3) that Plaintiff had failed to plead any underlying violation of the First Amendment right to free speech because he had failed to plead that his speech was on a matter of public concern. On appeal, the Third Circuit affirmed in part, reversed in part, and remanded solely with respect to the Section 1983 claim, directing the Court to analyze Plaintiff's retaliation claim as one based upon his exercise of his right to freedom of association.[1]

---

[1]The Third Circuit affirmed the Court's findings regarding the statute of limitations only to the extent that it dismissed Plaintiff's retaliation claim based upon acts occurring prior to

Plaintiff filed an Amended Complaint on April 30, 2009, restating his claim under Section 1983 that Defendants retaliated against him in the terms and conditions of his employment as a result of his exercising his freedom of association rights.[2]

## II.    STANDARD OF REVIEW

Courts considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Marangos v. Swett, 2009 WL 1803264, *2 (3d Cir. June 25, 2009). While the plausibility standard "is not akin to a probability requirement," it does require more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

It has long been accepted that well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. See Warth v.

---

December 6, 2004. Because Plaintiff's freedom of association claim is based in part upon retaliatory acts that occurred after December 6, 2004, however, his claim is timely, and Defendants' statute of limitations argument is denied.

[2]The Amended Complaint also included claims of intentional interference with prospective economic advantage and civil conspiracy, but those two claims were voluntarily dismissed on May 7, 2009 (Dkt. No. 38). Furthermore, to the extent that the Amended Complaint raises a claim of retaliation in violation of Plaintiff's free speech, due process, and property rights, the Court will not entertain those claims because they are beyond the scope of the Third Circuit's remand order as well as Magistrate Judge Schwartz's order permitting the filing of an amended complaint, each of which limited Plaintiff to re-alleging his claim for retaliation in violation of his freedom of association rights.

Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  This assumption does not apply, however, to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  See Iqbal, 129 S. Ct. at 1949; Marangos, 2009 WL 1803264, at *2.  Indeed, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  See Iqbal, 129 S. Ct. at 1949; Marangos, 2009 WL 1803264, at *2.

### III. DISCUSSION

Before the Court is Defendants' motion to dismiss the Amended Complaint.  Defendants argue that the Section 1983 claim must be dismissed because, similar to the Court's earlier findings with respect to the free speech claim, Plaintiff's retaliation claim does not implicate matters of public concern.  Defendants also argue that the claim should be dismissed as against Roseland because a municipality cannot be held liable pursuant to Section 1983 under a theory of respondeat superior.  Because the Court finds that Plaintiff has adequately stated a Section 1983 retaliation claim against both Defendants, however, Defendants' motion to dismiss is **denied**.

  A.  *Matter of Public Concern*

Plaintiff alleges that he was deprived of his First Amendment right to freely associate when Defendants retaliated against him for attempting to join the PBA.  To prevail on a First Amendment retaliation claim, a plaintiff must show that: (1) the conduct at issue was constitutionally protected; and (2) the protected activity was a substantial or motivating factor in the alleged retaliatory action.  See Baldassare v. State of New Jersey, 250 F.3d 188, 194–95 (3d

4

Cir. 2001). Here, it appears that the only disputed question is whether or not Plaintiff's attempt to join the PBA was a constitutionally protected activity. Defendants argue that it was not a protected activity because Plaintiff's claim does not implicate a matter of public concern. Plaintiff responds by arguing that: (1) the public concern requirement does not apply to associational claims; and (2) in any event, Plaintiff's decision to join the PBA implicates public concerns.

As the Third Circuit has recognized, a circuit split exists as to whether the "public concern" requirement typically applied to freedom of speech claims also applies to claims based upon a plaintiff's freedom of association. See Sanguigni v. Pittsburgh Bd. of Educ., 968 F.2d 393 (3d Cir. 1992); see also Bell v. City of Phila., 275 Fed. App'x 157, 160 (3d Cir. 2008). Courts extending the public concern requirement to associational claims have noted that the First Amendment rights to freedom of speech and to associate "are related and usually subject to the same constitutional analysis." See, e.g., Sanguigni, 968 F.2d at 400; Hudson v. Craven, 403 F.3d 691 (9th Cir. 2005); Cobb v. Pozzi, 363 F.3d 89, 101–02 (2d Cir. 2004). Other courts, however, have found that extending the public concern requirement to associational claims would "exact a substantial toll on first amendment liberties." See, e.g., Sanguigni, 968 F.2d at 400; Breaux v. City of Garland, 205 F.3d 150, 157 n.12 (5th Cir. 2000); Hatcher v. Bd. of Pub. Educ. & Orphanage, 809 F.2d 1546, 1558 (11th Cir. 1987).

In Sanguigni, the Third Circuit specifically declined to decide this issue, finding instead that the public concern requirement applied in that case because the associational claim was essentially "based on speech." See id. at 400. Sanguigni involved a plaintiff who had made

statements in a faculty newsletter seeking to organize opposition to activities of the school administration.  See 968 F.2d at 400.  The court held that the associational claim in that case was essentially "based upon speech" because, in the end, plaintiff was not trying to organize or associate with any group, but rather seeking to rally people to support her message of opposition to the school board.  Id.  In applying the public concern requirement, the Third Circuit distinguished its earlier decision in Labov v. Lalley, 809 F.2d 220 (3d Cir. 1987), in which the court "never mentioned the [public concern requirement] either with respect to the associational claim or the free speech claim."  See Sanguigni, 968 F.2d at 400.  In Labov, a public employer was accused of retaliating against a deputy sheriff who attempted to organize a collective bargaining unit.  See 809 F.2d at 222.  The Third Circuit did not address the public concern requirement, finding simply that "efforts of public employees to associate together for the purpose of collective bargaining involve associational interests which the First Amendment protects from hostile action."  Id. at 222–23.

      While the Third Circuit has yet to rule on the issue, the Court finds that the applicability of the public concern requirement is irrelevant in this case because, at least as alleged, it appears that Plaintiff's claim may indeed be based upon a matter of public concern.  A "public concern" is defined as speech that "relates to any matter of political, social, or other concerns to the community."  See Brennan v. Norton, 350 F.3d 399, 412 (3d Cir. 2003).  Courts in this district have consistently held that matters involving union-related activity implicate a public concern.  See, e.g., Bradshaw v. Twp. of Middleton, 296 F. Supp. 2d 526, 545–46 (D.N.J. 2003) (holding that the right of association "extends to union-related activity"); Robb v. City of Phila., 733 F.2d

286, 295 (3d Cir. 1984) (holding that plaintiff's allegation that defendants retaliated against him for exercising his right to associate with a union was sufficient to state a claim of a constitutional violation); Hitchens v. County of Montgomery, 2002 WL 253939, *4 (E.D. Pa. Feb. 20, 2002) (recognizing the right to unionize as "one of the most recognized associational rights protected by the First Amendment"); Labov, 809 F.2d at 222–23 ("Plainly efforts of public employees to associate together for the purpose of collective bargaining involve associational interests which the first amendment protects from hostile action.").

Here, Plaintiff's claim is based upon his attempt to join a union that was allegedly disfavored by the management of the police department. Plaintiff alleges that when he attempted to join the PBA, he was told by the Chief of Police that "neither [Plaintiff] or any officers are to have any . . . influence from [the] P.B.A." In addition to raising the issue of an individual's right to determine his own union membership, Plaintiff's claim also raises the possibility that Defendants engaged in a systemic campaign to prevent any of its officers from joining the PBA. This claim is further troubling given Plaintiff's allegation that the FOP had been compromised by the leadership of the police department, so that private union matters were being communicated to Defendants. Accordingly, because Plaintiff alleges that he was prevented from joining the PBA as part of a systemic campaign to keep all officers of the Roseland Police Department out of that particular union, the Court finds that, regardless of whether the public concern requirement applies to Plaintiff's associational claim in this case, Plaintiff has stated a valid claim of retaliation based upon his First Amendment right of freedom of association.

B.     *Respondeat Superior*

Defendants also argue that the claims against Roseland should be dismissed because a municipality may not be held liable pursuant to Section 1983 based upon a theory of *respondeat superior*.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  An exception to this rule exists, however, if "an unconstitutional policy could be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business."  See Brennan, 350 F.3d at 428.  Here, Defendant McDonough is alleged both to be a policy-maker for Roseland and to have stated that "neither [Plaintiff] or any officers are to have any . . . influence from [the] P.B.A."  Accordingly, accepting the well-pled factual allegations in the Amended Complaint as true, the Court may infer that Roseland had a "policy or custom" in effect that caused the constitutional violation, and Defendants' motion to dismiss on this basis is denied.

**IV.**     **CONCLUSION**

For the reasons stated, Defendants' motion to dismiss is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:             September  1 , 2009  
Orig.:            Clerk  
cc:               All Counsel of Record  
                Hon. Mark Falk, U.S.M.J.  
                File